# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| NORTHERN NATURAL GAS COMPANY, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. SA-09-CV-709-XR |
| § | |
| BETTY LOU SHEERIN and § | |
| JAMES L. SHEERIN, § | |
| § | |
| *Defendants*. § | |

**ORDER ON MOTION TO DISMISS & MOTION FOR MORE DEFINITE STATEMENT**

On this date, the Court considered Defendants' Motion to Dismiss and Motion for More Definite Statement Pursuant to Federal Rule of Procedure 12 and Answer in Lieu (Docket Entry No. 6). Plaintiff has filed a response. After due consideration, the Court DENIES Defendants' motion to dismiss and DENIES their motion for a more definite statement.

## Background

In 2002, Plaintiff Northern Natural Gas Company ("Northern") filed suit against Betty Lou Sheerin in connection with a $1,950,000 note. (1st Am. Compl. (Sept. 4, 2009) [Docket Entry No. 2] ("Compl.").) In connection with that lawsuit, Sheerin produced a financial statement that listed a personal residence in Newport, Rhode Island, valued at $2,695,000. (*Id.* ¶¶ 8–10.) Northern contends that on August 29, 2008, Betty Lou Sheerin transferred her interest in the Rhode Island home to her husband for $50,019.88. (*Id.* ¶ 11.)

Northern had obtained a jury verdict against Sheerin in February 2008 (*id.* ¶ 7), and on October 3, 2008, the 288th District Court in Bexar County, Texas, entered judgment against Betty Lou Sheerin, and in favor of Northern, in the amount of $3,010,515 for contract damages and

$500,000 in attorney's fees (*id.* ¶ 12). On December 16, 2008, another state district judge granted Betty Lou Sheerin's request for a new trial, and this order is currently the subject of Northern's Petition for Writ of Mandamus in the Texas Fourth Court of Appeals, which remains pending as of this date. *See In re Northern Gas Co.*, No. 04-09-00284-CV (Tex. App.—San Antonio filed May 15, 2009, orig. proceeding).

Northern filed suit in this Court against Defendants Betty Lou Sheerin and James L. Sheerin on August 28, 2009. Northern seeks relief under the Texas Uniform Fraudulent Transfer Act ("TUFTA"), TEX. BUS. & COM. CODE ANN. § 24.001 *et seq.* (Vernon 2009), and a declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201–02 (2006). Northern contends that Betty Lou Sheerin's transfer of her interest in the Newport, Rhode Island property constituted a fraudulent transfer.

**Procedural History and Motion**

Defendants filed their Motion to Dismiss and Motion for More Definite Statement on October 15, 2009, (Def.s' Mot. to Dismiss & Mot. for More Definite Statement Pursuant to Fed. R. 12 & Answer (Oct. 15, 2009) [Docket Entry No. 6] ("Mot.")), to which Plaintiff responded (Pl.'s Resp. to Def.s' Mot. to Dismiss & Mot. for More Definite Statement (Oct. 26, 2009) [Docket Entry No. 7] ("Resp.")). Defendants argue that Plaintiffs have failed to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure, contending that only Rhode Island, and not Texas law applies; that a request for an injunction by Northern is improper as there are no facts to support a pre-judgment injunction; that Plaintiff does not hold a liquidated claim against Defendants (since the judgment from the Texas District Court has been set aside by the granting of a new trial, and a mandamus over that grant of a new trial is still pending before the

Texas Fourth Court of Appeals); and that there is no basis for a claim for fraudulent conveyance by an owner of an interest held in tenancy by the entireties under Rhode Island law since Betty Lou Sheerin is the only party subject to the judgment entered by the state court in the underlying suit. Defendants claim, pursuant to Rule 12(b)(1), that this Court lacks subject matter jurisdiction since Northern lacks standing to assert a claim of fraudulent conveyance. The Sheerins also request a more definite statement under Rule 12(e) on two grounds. First, they allege that a property interest held by tenancy in the entireties under Rhode Island law is not subject to the claims of actual creditors of only one member of the entirety, and as Betty Lou Sheerin is the only defendant "allegedly obligated to Plaintiff," Northern "fails to state a claim." (Mot. ¶ 8.) Second, Defendants request a more definite statement because "under paragraph 22, Plaintiffs refer to 'joint' property [and] Defendants have no idea what the term 'joint' property means." (Mot. ¶ 9.)

## Discussion

*A. The Court Has Jurisdiction on this Matter*

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may seek dismissal of an action for lack of subject matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1). The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it. *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002). When a Rule 12(b)(1) motion is accompanied by supporting evidence, a Rule 12(b)(1) motion challenging the Court's jurisdiction is a "factual attack." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). A plaintiff responding to a factual attack on the court's jurisdiction generally bears the burden of proving by a preponderance of the evidence that the court indeed possesses subject matter jurisdiction. *Id.*

As this is a motion to dismiss, this Court must accept all facts put forth in the Plaintiff's complaint as true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Once a defendant has filed a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the burden rests on the plaintiff to establish that the court does indeed have subject matter jurisdiction to hear the case. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). In order to establish subject matter jurisdiction, the plaintiff must prove complete diversity between the opposing parties and an amount in controversy in excess of $75,000. 28 U.S.C. § 1332(a)(1) (2006).

Here, Northern alleges that this Court has jurisdiction under 28 U.S.C. § 1332(a)(1) based upon the complete diversity of the parties. Northern declares that it is a citizen of Delaware and Nebraska while the Sheerins are citizens of Texas. (Compl; Resp. at 6.) Northern also alleges injuries in the amount of "$5,572,300 or $3,010,515.93 . . . whichever is less." (Resp. at 6.) Defendants have not made any allegations disputing either the diversity of citizenship or a failure to plead injuries in excess of the jurisdictional limit, but instead argue that Northern lacks standing to assert a claim for fraudulent conveyance or any of the "other claims set out in [the] Complaint." (Mot. ¶ 7.) This does not divest the Court of jurisdiction on this matter since Northern has pled facts necessary to invoke the jurisdiction of this Court. Consequently, Defendants' motion to dismiss pursuant to Rule 12(b)(1) is denied.

*B. Plaintiff States Sufficient Facts to Establish its Claims*

If a complaint fails to state a claim upon which relief can be granted, a court is entitled to dismiss the complaint as a matter of law. *See* FED. R. CIV. P. 12(b)(6). In general, motions to dismiss are disfavored and are rarely granted. *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164

4

(5th Cir. 1999). In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Additionally, the facts are construed favorably to the non-moving party. *See Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). To survive a 12(b)(6) motion, a claim must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Factual allegations must be sufficient to "raise a right to relief above the speculative level." *Id.* A well-pleaded complaint can survive a motion to dismiss even if actual proof of the facts alleged is "improbable." *Id.* at 556. However, the plaintiff must plead facts sufficient to "state a claim for relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, -- U.S. ----, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

*1. Application of Texas and Rhode Island Law*

The Sheerins base their motion to dismiss pursuant to Rule 12(b)(6) on the grounds that Rhode Island, and not Texas law, is the appropriate law to apply to these proceedings. Defendants argue that Northern has failed to state a proper cause of action because their claims are based on Texas law. (Mot. ¶¶ 1–3.)

If there is no conflict between the laws of the forum state (here, Texas) and the other state in question (here, Rhode Island), "then no choice-of-law analysis is necessary." *Schnieder Nat'l Transp. v. Ford Motor Co.*, 280 F.3d 532, 536 (5th Cir. 2008); *see also R.R. Mgmt. Co., L.L.C. v. CFS LA. Midstream Co.*, 428 F.3d 214, 222 (5th Cir. 2005); *Nat'l Union Fire Ins. Co. v. CNA Ins.*

*Cos.*, 28 F.3d 29, 32 n.3 (5th Cir. 1994). There is no discernable conflict between the applicable laws covering fraudulent transfers of Texas and Rhode Island. The only difference between the two statutes in defining "asset" is that Texas only excludes tenancies by the entireties where the property is "not subject to process by a creditor holding a claim against only one tenant" *and* "under the law of another jurisdiction."[1] TEX. BUS. & COM. CODE ANN. § 24.002(2)(C). Like Texas, Rhode Island's definition of "asset" excludes all property held in tenancy by the entireties that is "not subject to process by a creditor holding a claim against only one tenant."[2] R.I. GEN LAWS § 6-16-1(2)(iii) (2008). The only difference between Texas' definition[3] of transfers fraudulent as to present

---

[1]Texas's version of the Uniform Fraudulent Transfer Act ("UFTA") defines in pertinent part:
> (2) "Asset" means property of a debtor, but the term does not include: . . . (C) an interest in property held in tenancy by the entireties to the extent it is not subject to process by a creditor holding a claim against only one tenant, under the law of another jurisdiction. . . .
> (7) "Insider" includes: (A) if the debtor is an individual: (i) a relative of the debtor or of a general partner of the debtor."

TEX. BUS. & COM. CODE ANN. § 24.002(2)(C), (7)(A)(I) (Vernon 2009).

[2]Rhode Island's version of the UFTA defines in pertinent part:
> (2) "Asset" means property of a debtor, but the term does not include: . . . (iii) An interest in property held in tenancy by the entireties to the extent it is not subject to process by a creditor holding a claim against only one tenant. . . .
> (7) "Insider" includes: (i) If the debtor is an individual: (A) A relative of the debtor or of a general partner of the debtor . . . .

R.I. GEN LAWS § 6-16-1 (2008).

[3]Texas law defines a transfer fraudulent as to present and future creditors as:
(a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or within a reasonable time after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation: (1) with actual intent to hinder, delay, or defraud any creditor of the debtor: or (2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, the debtor: (A) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonable small in relation to the business

and future creditors and that of Rhode Island[4] is a matter of capitalization, and as such, this Court again finds no conflict as to trigger a choice of law analysis. *Compare* TEX. BUS. & COM. CODE ANN. § 24.005(a)(1)–(2)(A), *with* R.I. GEN LAWS § 6-16-4. There are no differences between Texas' definition of transfers that are fraudulent as to present creditors[5] and that adopted by Rhode Island.[6]

---

or transaction; or (B) intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.
TEX. BUS. & COM. CODE ANN. § 24.005(a)(1)–(2)(A).

[4]Rhode Island defines a fraudulent transfer as to present and future creditors as: (a) A transfer made or an obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation: (1) With actual intent to hinder, delay, or defraud any creditor of the debtor: or (2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor: (i) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or (ii) Intended to incur, or believed or reasonably should have believed that he or she would incur debts beyond his or her ability to pay as they became due.
R.I. GEN LAWS § 6-16-4 (2008).

[5]Texas defines transfers fraudulent as to present creditors as:
(a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at the time or the debtor became insolvent as a result of the transfer or obligation. (b) A transfer made by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made if the transfer was made to an insider for an antecedent debt, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent.
TEX. BUS. & COM. CODE ANN. § 24.006.

[6]Rhode Island defines transfers fraudulent as to present creditors as:
(a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the

7

*Compare* TEX. BUS. & COM. CODE ANN. § 24.006, *with* R.I. GEN LAWS § 6-16-5. As there is no discernable conflict between the applicable laws covering fraudulent transfers of Texas and Rhode Island, "the law of the forum state, Texas, should apply here as there is no conflict between the substantive law of Texas and [Rhode Island]." *Schnieder*, 280 F.3d at 536.

*2. Injunctive Relief*

Defendants claim that no facts have been pled to justify the imposition of a pre-judgment injunction, thus "there has been no claim stated for which relief can be granted." (Mot. ¶ 4.) Both the Texas and Rhode Island statutes specifically allow a creditor to seek an "injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or of other property" as one of the remedies for a violation of the Uniform Fraudulent Transfer Act. *See* TEX. BUS. & COM. CODE ANN. § 24.008(a)(3)(A); R.I. GEN LAWS § 6-16-7(a)(3)(i). Again, there is no difference between the relevant wording of either the Texas or Rhode Island version of the Uniform Fraudulent Transfer Act. *Compare* TEX. BUS. & COM. CODE ANN. § 24.008(a)(3)(A), *with* R.I. GEN LAWS § 6-16-7(a)(3)(i). In any case, Northern seeks relief expressly allowed by either statute; and therefore, states a claim.

*3. Unliquidated Claims*

Defendants next argue that since the Texas state court judgment in favor of Northern against Betty Lou Sheerin is currently under mandamus review with the Texas Fourth Court of Appeals to

---

       debtor was insolvent at that time, or the debtor became insolvent as a result of the
       transfer or obligation. (b) A transfer made by a debtor is fraudulent as to a
       creditor whose claim arose before the transfer was made if the transfer was made
       to an insider for an antecedent debt, the debtor was insolvent at that time, and the
       insider had reasonable cause to believe that the debtor was insolvent.
R.I. GEN LAWS § 6-16-5.

determine whether the granting of a new trial was appropriate, Plaintiff cannot show that it is a creditor of Defendants and therefore has no standing to assert any of its claims. Both the Texas and Rhode Island statutes define a creditor as a "person who has a claim."[7] TEX. BUS. & COM. CODE ANN. § 24.002(4); R.I. GEN LAWS § 6-16-1(4). Further, both define a "claim" as "a right to payment . . . whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured."[8] TEX. BUS. & COM. CODE ANN. § 24.002(3); R.I. GEN LAWS § 6-16-1(3). The explicit definitions provided in the statutes make it clear that even unliquidated claims fall under the purview of the statute. The Sheerins claim that "[a]t best, [Plaintiff] asserts a claim which has been hotly disputed for . . . over four years." (Mot. ¶ 5.) Again, the statutes clearly state that they cover "disputed" claims. TEX. BUS. & COM. CODE ANN. § 24.002(3); R.I. GEN LAWS § 6-16-1(3). As a result, the Court denies the Sheerins' motion to dismiss pursuant to Rule 12(b)(6).

*4. Fraudulent Conveyance and Tenancies by the Entireties*

Defendants' final ground for a dismissal for failure to state a claim is based on the assertion that tenancies by the entireties "are not subject to the claims of actual creditors of only one member of the entirety," and as Betty Lou Sheerin is the only defendant and member of the entirety "allegedly obligated to Plaintiff," Northern has failed to state a valid claim. (Mot. ¶ 6.) Defendants assert, and are correct, that as the property is situated in Rhode Island, it is held by a tenancy by the entireties

---

[7]The Texas statute is somewhat broader than the Rhode Island statute, adding the language "including a spouse, minor, person entitled to receive court or administratively ordered child support for the benefit of a child, or ward," to the simple definition of "a person who has a claim" as listed in the Rhode Island statute. TEX. BUS. & COM. CODE ANN. § 24.002(4).

[8]Again, the Texas statute is a bit more broad, including a "or property" to the included rights in the definition of "claim." TEX. BUS. & COM. CODE ANN. § 24.002(3).

9

under Rhode Island law. (*Id.*) The Rhode Island Supreme Court, however, has held that the

> contingent interest of the debtor-spouse . . .[is] sufficient to sustain a prejudgment attachment, [but is] not subject to levy and sale by execution. In such a case the attachment previously placed could be levied and implemented by execution if the debtor spouse survives the non-debtor spouse. . . . [I]f the nondebtor spouse survives, he or she would take free and clear of the attachment.

*In re Gibbons*, 459 A.2d 938, 940 (R.I. 1983). As previously stated, both the Texas and Rhode Island versions of the UFTA contain the same definition of "assets," including tenancies by the entireties subject to process by the creditor "holding a claim against only one tenant." TEX. BUS. & COM. CODE ANN. § 24.002(2)(C); R.I. GEN LAWS § 6-16-1(2)(iii). As the Rhode Island Supreme Court has specifically held that a creditor may attach the interest of only one of the tenants to a lawsuit, as Northern has pled in this case, Northern has met its burden of asserting a cognizable claim under the UFTA.

C. *Sheerins' Motion for a More Definite Statement*

Rule 8(a) requires that a pleading contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." FED. R. CIV. P. 8(a). Rule 12(e) provides: "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). A plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Courts generally disfavor granting motions for a more definite statement. *Benavides v. Laredo Med. Ctr.*, No. L-08-105, 2009 WL 1755004, at *8 (S.D. Tex. June 18, 2009) (citing *Wesley v. Dallas Indep. Sch. Dist.*, Civ. No. 3:08-2025, 2009 WL 193786, at *3 (N.D. Tex. Jan. 27, 2009)). However, "[i]f a pleading fails to specify the

10

allegations in a manner that provides sufficient notice," then a defendant can move for a more definite statement. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). To determine whether a rule 12(e) motion should be granted, the Court should assess whether the complaint is one to which the defendant could reasonably prepare a responsive pleading. *See Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959).

*1. Request for More Definite Statement as to Application of UFTA to a Tenancy by the Entireties*

The Sheerins allege that they are entitled to a more definite statement of Northern's claims, as they again claim that a tenancy by the entireties cannot be subject to a claim of a creditor of only one of the tenants for fraudulent conveyance. (Mot. ¶ 8.) As stated above, the Rhode Island Supreme Court has made it clear that creditors may effect a prejudgment attachment against the interest held by one of the tenants of a tenancy by the entireties. *See Gibbons*, 459 A.2d at 940. A plaintiff is required to allege "only enough facts to state a claim to relief that is plausible on its face" and the complaint must be one to which the defendant could reasonably prepare a responsive pleading. *See Twombly*, 550 U.S. at 570; *Mitchell*, 269 F.2d at 130. As this burden has been met, Northern need not provide a more definite statement on this issue.

*2. Joint Property*

The Sheerins declare that they "have no idea what the term 'joint' property means," in regard to Northern's request for an injunction against any further disposition by Betty Lou Sheerin of any of her property, including her separate, joint and community property. (Mot. ¶ 9.) Black's Law Dictionary defines a "joint estate" as "[a]ny of the following five types of estates: (1) a joint tenancy, (2) a tenancy in common, (3) an estate in coparcenary, (4) a tenancy by the entirety, or (5) an estate in partnership." BLACK'S LAW DICTIONARY 568 (7th ed. 1999). Further, the Texas Supreme Court

11

has referred to joint property as similar to what a husband and wife would own in an equal undivided one-half interest. *See Belkin v. Ray*, 176 S.W.2d 162, 166 (1944). The Texas courts have also stated that: "[i]n cotenancy the right of possession is common to each and all of the joint owners. The possession of one is considered to be rightful until shown to be hostile to the co-owners. His possession is held to be that of all the others." *Lake v. Reid*, 252 S.W.2d 978, 982–83 (Tex. Civ. App.—Texarkana 1952, no writ). The concept of joint tenancy, whether by tenants in common, joint tenancy with the right of survivorship or tenancy by the entireties is a long understood and fundamental concept in American jurisprudence. The reference by Plaintiffs to "joint property" is neither confusing nor does it fail to give the Defendants notice as to how to prepare their defense. As such, Northern need not provide a more definite statement on the issue of "joint property."

## Conclusion

Northern has provided enough facts to sufficiently state a claim and to show that this Court has jurisdiction. As a result, Defendants' Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) is DENIED and their Motion for More Definite Statement pursuant to Rule 12(e) is hereby DENIED.

It is so ORDERED.

SIGNED this 14th day of December, 2009.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE