# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NORTHERN NATURAL GAS COMPANY, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | Civil Action No. SA-09-CV-709-XR |
| | § | |
| BETTY LOU SHEERIN and | § | |
| JAMES L. SHEERIN, | § | |
| | § | |
| *Defendants*. | § | |

**ORDER ON MOTION FOR EXTENSION OF TIME TO RESPOND**

On this day, the Court considered Defendants' Motion for an Extension of Time to Respond to Plaintiff's Motion for Partial Summary Judgment (Docket Entry No. 19). Having considered the motion and the pleadings on file, Defendants' Motion for an Extension of Time is GRANTED IN PART AND DENIED IN PART.

**Background**

In 2002, Plaintiff Northern Natural Gas Company ("Northern") filed suit against Betty Lou Sheerin in connection with a $1,950,000 note. In connection with that lawsuit, Sheerin produced a financial statement that listed a personal residence in Newport, Rhode Island, valued at $2,695,000. Northern contends that on August 29, 2008, Betty Lou Sheerin transferred her interest in the Rhode Island home to her husband for $50,019.88. Northern had obtained a jury verdict against Sheerin in February 2008, and on October 3, 2008, the 288th District Court in Bexar County, Texas, entered judgment against Betty Lou Sheerin, and in favor of Northern, in the amount of $3,010,515 for contract damages and $500,000 in attorney's fees. On December 16, 2008, another state district judge granted Betty Lou Sheerin's request for a new trial, but the Texas Fourth Court of Appeals

granted Northern's petition for a writ of mandamus as to liability issues.

Northern filed suit against Betty Lou Sheerin and James L. Sheerin in this Court, seeking relief under the Texas Uniform Fraudulent Transfer Act ("TUFTA"), TEX. BUS. & COM. CODE ANN. § 24.001 *et seq.* (Vernon 2009), and a declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201–02 (2006). Northern contends that Betty Lou Sheerin's transfer of her interest in the Newport, Rhode Island property constituted a fraudulent transfer.

## Procedural History

Northern filed its First Amended Complaint on September 4, 2009,[1] and moved for summary judgment on February 19, 2010.[2] The Sheerins moved for an extension of time to respond to Plaintiff's motion, arguing that they must compile information and retain experts necessary in defense of the claim.[3] The Sheerins request an extension until August 16, 2010, the date that the Scheduling Order requires the Defendants to designate experts and potential witnesses.

## Legal Standard

Under Rule 56(a) of the Federal Rules of Civil Procedure, "[a] party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim." FED. R. CIV. P. 56(a). Rule 56(c) provides that "a party may move for summary judgment at any time until 30 days after the close of all discovery." FED. R. CIV. P. 56(c)(1)(A). The rule does not require that discovery take place before summary judgment. *Washington v. Allstate Ins. Co.*, 901 F.2d 1281,

---

[1] 1st Am. Compl., Sept. 4, 2009 (Docket Entry No. 2).

[2] Pl.'s Mot. for Partial Summ. J., Feb. 19, 2010 (Docket Entry No. 18).

[3] Def.s' Mot. for Extension of Time to Respond to Pl.'s Mot. for Partial Summ. J., Feb. 25, 2010 (Docket Entry No. 19).

2

1285 (5th Cir. 1990). However, Rule 56 provides:

> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order.

FED. R. CIV. P. 56(f). Motions pursuant to Rule 56(f) "are broadly favored and should be liberally granted." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006). The nonmovant must "present specific facts explaining his inability to make a substantive response as required by Rule 56(e) and by specifically demonstrating 'how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'" *Washington*, 901 F.2d at 1281 (quoting *S.E.C. v. Spence & Green Chem. Co.*, 612 F.2d 896, 901 (5th Cir.1980), *cert. denied*, 449 U.S. 1082, 101 S.Ct. 866, 66 L.Ed.2d 806 (1981)).

**Analysis**

The Sheerins argue that Northern's motion is an attempt to circumvent the Court's Scheduling Order. Under Rule 56, Northern is within its right to move for summary judgment at any time from the moment it commenced this lawsuit until 30 days after the close of discovery. *See* FED. R. CIV. P. 56(c)(1)(A). As a result, the Court discerns no attempt by either party to circumvent the Scheduling Order.

In their motion to extend the time to respond, which is opposed by Northern, the Sheerins cite Rule 56(f) and provide an affidavit from Defendant James Sheerin. The Sheerins present specific contested issues of fact. They further argue that several transactions are necessary to evaluate and present to the Court in order to establish their defense that Mr. Sheerin paid for the Rhode Island residence with his separate funds and owns it as his separate property.

3

The documents sought by Defendants, however, are related to transactions conducted by Defendants themselves. Extending the time by which Defendants may respond to Plaintiff's motion for summary judgment by over five months in light of the information sought is not reasonable.

**Conclusion**

Defendants' motion to extend the time to respond to Plaintiff's motion for summary judgment is GRANTED IN PART AND DENIED IN PART. It is ORDERED that Defendants are to respond to Plaintiff's motion for summary judgment no later than April 2, 2010.

It is so ORDERED.

SIGNED this 1st day of March, 2010.

                                      XAVIER RODRIGUEZ
                                      UNITED STATES DISTRICT JUDGE